UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CRAIG PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YUBA CITY, et al.,<br><br>Defendants. | No. 2:12-CV-01350-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lonnie Craig Patterson ("Plaintiff") initiated this action against Defendants City of Yuba City and Police Chief Robert D. Landon.[1] Presently before the Court is Plaintiff's Motion to Amend the Complaint (ECF No. 16) to name a number of police officers in lieu of currently named Doe defendants and to eliminate some claims. For the following reasons, that Motion is DENIED.[2]

Generally, Federal Rule of Civil Procedure 16(b)[3] requires the Court to enter a pretrial scheduling order within 120 days of the serving of the complaint. The scheduling order "controls the course of the action" unless modified by the Court. Fed. R. Civ. P.

---

[1] Defendant Landon was subsequently dismissed on the joint request of the parties. ECF No. 19.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

16(d).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  Because a Pretrial Scheduling Order ("PTSO") was issued in this matter on November 18, 2014 (ECF No. 12), and because the PTSO provides at paragraph II that no further amendment would be permitted absent a showing of good cause, the Court must first consider whether Defendants have shown the requisite "good cause" to deviate from the PTSO under Rule 16(b).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); Johnson, 975 F.2d at 609.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.  If the moving party was not diligent, the Court's inquiry should end.  Id.

The remaining Defendant opposes Plaintiff's motion arguing that Plaintiff cannot show the requisite diligence because he has known the identities of the officers he wishes to substitute for several years.  Defs.' Opp., ECF No. 20, at 1.  Defendant cites substantial documentation from this lawsuit, from a companion civil suit, and from Plaintiff's own criminal proceedings supporting their conclusion that Plaintiff was well aware, going back to at least November 2010, of the identity of the officers involved in his 2010 arrest.  See Decl. of Carrie A. Frederickson, ECF No. 20-1, ¶¶ 2-4,[4] Exs. A-C; Decl. of Bruce A. Kilday, ECF No. 20-2, ¶ 2, Exs. D-F.  Given this evidence, Defendant's

---

[4] Defendants' unopposed Request for Judicial Notice as to Exhibit A to the Frederickson Declaration is GRANTED.  Fed. R. Evid. 201; see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).

2

argument is well taken, and the Court finds Plaintiff failed to show he exercised the requisite diligence warranting an order granting him leave to amend now.

Plaintiff does not dispute the veracity of Defendant's evidence and instead asks the Court to exercise its discretion to apply the more liberal standard set forth in Federal Rule of Civil Procedure 15.  See Pl.'s Reply, ECF No. 21, at 2 (citing Febus-Cruz v. Sauri-Santiago, 652 F. Supp. 2d 166, 167 n.1 (D. Puerto Rico 2009)).  Plaintiff's only authority is inapposite, however, because in that case the district court applied Rule 15 after it determined its own scheduling order was not clear on when parties might seek leave to amend without being subject to the Rule 16 standard.  In this case, to the contrary, the PTSO made clear that, going forward, all requests for leave to amend would be subject to Rule 16.  See ECF No. 12 at 1 ("No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.").  Plaintiff offers no other authority, let alone binding authority, indicating the Court should apply Rule 15.  Plaintiff's request is thus rejected.  As such, Plaintiff has failed to show the requisite good cause, and his Motion for Leave to Amend (ECF No. 16) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  June 16, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT