UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CRAIG PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF YUBA CITY, et al.,<br><br>    Defendants. | No. 2:12-CV-01350-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lonnie Craig Patterson ("Plaintiff") initiated this action against Defendants City of Yuba City and Police Chief Robert D. Landon. Defendant Landon was subsequently dismissed on the joint request of the parties. ECF No. 19. Presently before the Court is a Motion to Modify Scheduling Order (ECF No. 30), by which Defendant City of Yuba City ("Defendant") seeks an extension of time in which to have its Motion for Summary Judgment heard. For the following reasons, that Motion is GRANTED.[1]

Generally, Federal Rule of Civil Procedure 16(b)[2] requires the Court to enter a pretrial scheduling order within 90 days of the serving of the complaint. The scheduling

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

order "controls the course of the action" unless modified by the Court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992). Because a Pretrial Scheduling Order ("PTSO") was issued in this matter on November 18, 2014 (ECF No. 12), the Court must consider whether Defendant has shown the requisite "good cause" to deviate from the PTSO under Rule 16(b).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); Johnson, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving party was not diligent, the Court's inquiry should end. Id.

Defendant contends that modification of the PTSO is justified because the current order "provides that all dispositive motions be filed by November 12, 2015, and be heard by January 7, 2016." Def.'s Mot., ECF No. 30-1, at 2. According to Defendant, it filed its Motion for Summary Judgment on November 12, but it failed to verify prior to this date whether January 7, 2016, was an available hearing date for the Court.[3] Id. at 2. As it turns out, that date was not available, as is oft the case in a direct-calendar court, and

---

[3] The Court's PTSO does not indicate that the dispositive motion deadline is a guaranteed hearing date. Instead, it directs parties to the Court's website to locate available hearing dates. PTSO at 4. The Court specifically does not provide concrete hearing dates in the PTSO as so much can change between issuing of the scheduling order and the time for filing dispositive motions. That said, the 2016 civil law and motion dates were set and published in plenty of time for Defendant to have verified that January 7, 2016, was not available and to have noticed its motion for December 17, 2015.

1  the earliest available civil law and motion date in 2016, was January 14.[4]  Accordingly,
2  Defendant needed to notice its Motion for Summary Judgment for hearing on the last law
3  and motion date in 2015, which was December 17, in order to meet the PTSO's hearing
4  deadline.  Once Defendant realized its predicament, however, there was not sufficient
5  time in which to notice the summary judgment motion in advance of that December date.
6  Accordingly, Defendant filed the instant Motion seeking to extend the dispositive motion
7  deadline in the PTSO.

8  Plaintiff, of course, opposes Defendant's request, arguing that Defendant was not
9  diligent in researching the Court's available deadlines and properly noticing its
10 dispositive motion.  Pl.'s Opp., ECF No. 32, at 4.  Plaintiff further  contends he will be
11 prejudiced if Defendant's current Motion is granted because Plaintiff's own previous
12 request to amend the Complaint, which was governed by the same standard applicable
13 here, was denied.  See ECF Nos. 16, 24.  According to Plaintiff, "[h]olding Plaintiff to the
14 deadline but allowing Defendant leeway is prejudicial to Plaintiff."  Pl.'s Opp. at 5.
15 Neither of these arguments is persuasive.

16 First, whether Defendant could possibly have avoided the predicament it
17 ultimately found itself in, its reliance on the January 7, 2016, date in the PTSO, although
18 erroneous, was understandable.  The Court can understand how Defendant would have
19 calendared the January 7, 2016, date as a firm hearing date given the complex
20 calendaring systems employed by various firms and individuals, not to mention the
21 disparate rules that govern parties in different courts.  Although Defendant should have
22 realized that date might not be available, and followed the directive in the PTSO to check
23 the Court's website for the Court's actual law and motion dates, the Court finds that the

---

[4] The Court notes that Defendant appears to be under the misconception that by the time the motion for summary judgment was filed, the Court's calendar was "full."  That is not the case.  As previously indicated, the Court had already determined (in plenty of time that defense counsel could have prepared and filed a motion for hearing on December 17) that the only civil law and motion dates in January 2016 would be on the 14th and the 28th.  The Court mentions this again not to beat a dead horse, but because defense counsel often practices before this Court, and ideally counsel will know going forward to check for available dates rather than to rely on the deadline for hearing dispositive motions as a guaranteed hearing date.

error in this case is excusable, especially given Defendant's otherwise diligent efforts in trying to meet the deadlines set forth in the Court's Order. Moreover, as soon as Defendant realized its calendaring error, it undertook immediate efforts, culminating in the filing of this Motion, to rectify that issue. Accordingly, Defendant has demonstrated the requisite diligence to persuade the Court to modify the PTSO.

Second, the fact that Plaintiff's own prior request to amend the Complaint was denied is irrelevant to the instant Motion before the Court. The Court decided Plaintiff's request on the facts before it. The facts presented by the current motion, however, are entirely different, one motion having nothing to do with the other. The Court would be derelict in its duties if it resorted to deciding motions on a "tit for tat" basis.

Finally, because Defendant's Motion is potentially dispositive of this action, it behooves both the Court and the parties to have it heard. Should the legal issues raised dispose of this case, the time and expense of trial can be saved. Should the Motion for Summary Judgment be denied, at the very least the issues for trial have been narrowed.

For these reasons, Defendant's Motion to Modify the Scheduling Order (ECF No. 30) is GRANTED. Defendant's Motion for Summary Judgment (ECF No. 28) shall be set for hearing on March 24, 2016. Plaintiff's opposition and any cross-motion shall be filed not later than February 18, 2016. Defendant's reply and any opposition to any cross-motion shall be filed not later than March 3, 2016. Any reply to any cross-motion shall be filed not later than March 17, 2016. The March 17, 2016, Final Pretrial Conference, the May 2, 2016, Jury Trial, and all deadlines for filing pretrial documents are VACATED and will be reset, if needed, after the issuance of the Court's ruling on the Defendant's Motion for Summary Judgment

IT IS SO ORDERED.

Dated: January 20, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT