…
…
```
```
Case 2:12-cv-01350-MCE-CKD   Document 39   Filed 06/02/16   Page 1 of 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CRAIG PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YUBA CITY, et al.,<br><br>Defendants. | No. 2:12-CV-01350-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lonnie Craig Patterson ("Plaintiff") initiated this action against Defendants City of Yuba City, Police Chief Robert D. Landon, and Does 1-10, alleging a number of federal and state causes of action. On the joint request of the parties, Defendant Landon was subsequently dismissed as were a number of Plaintiff's claims. ECF No. 19. All that remains before the Court are Plaintiff's causes of action for unlawful seizure under the Fourth Amendment, negligent infliction of emotional distress, and false arrest/false imprisonment. Presently before the Court is a Motion for Summary Judgment (ECF No. 28) filed by the only remaining named Defendant, the City of Yuba City ("Defendant"). For the following reasons, that Motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

Each of Plaintiff's remaining federal claims arises out of his contention that he was wrongfully detained without probable cause after an altercation with police officers employed by Defendant. As a result of that altercation, Plaintiff was arrested for assault with a deadly weapon on a peace officer in violation of California Penal Code section 245(d)(1), and he was thereafter criminally charged by the Sutter County District Attorney's Office with both that violation and a violation of Penal Code section 245(a)(2), which prohibits assault on the person of another with a firearm. After a preliminary hearing, although the court did not hold Plaintiff to answer for the charge of Penal Code section 245(d)(1), it found probable cause to support the 245(a)(2) charge.

Plaintiff twice proceeded to trial in his criminal case. During the course of both trials, Plaintiff moved to dismiss the charge against him on the basis that there was insufficient evidence from which a jury could find him guilty. In both cases, the court disagreed and denied Plaintiff's motions. The first jury was unable to reach a verdict, but Plaintiff was acquitted by the second jury.

# STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a

---

[2] All facts recited herein are undisputed.

genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Id. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

Defendant moves for summary judgment on all remaining claims, arguing that they fail as a matter of law because Plaintiff is collaterally estopped from relitigating the

1 state court's findings that his arrest and detention was supported by probable cause.  In
2 opposition, Plaintiff concedes that the state's probable cause findings are fatal to his
3 Fourth Amendment unreasonable seizure and his negligent infliction of emotional
4 distress causes of action.  He continues to argue, however, that Defendant remains
5 liable for false arrest/imprisonment.  This argument is not well taken.

6 Collateral estoppel bars relitigation of an issue when: "(1) the issue is identical to
7 that decided in a former proceeding; (2) the issue was actually litigated and necessarily
8 decided; (4) there was a final judgment on the merits; and (4) the party against whom
9 collateral estoppel is asserted was a party or in privity with a party to a prior proceeding."
10 McCutchen v. City of Montclair, 73 Cal. App. 4th 1138, 1144-45 (1999) (internal citation
11 and quotation omitted).  All of these requirements were met in this case by the state
12 court's decision after Plaintiff's preliminary hearing that there was sufficient probable
13 cause to sustain the Penal Code section the 245(a)(2) charge.  See id.  Plaintiff thus
14 properly concedes that neither his Fourth Amendment claim nor his negligent infliction of
15 emotional distress claim is viable.

16 As to the false imprisonment/arrest claim, Plaintiff nonetheless contends that
17 "[t]his claim does not have lack of probable cause as an element" and that "if probable
18 cause is not an issue the collateral estoppel as to the probable cause issue would be
19 inapplicable as well."  Pl.'s Opp. at 2.  Regardless of whether probable cause is an
20 element of Plaintiff's final cause of action, however, it is clear that an officer is not liable
21 for false imprisonment/arrest if the challenged detention is supported by probable cause.
22 See Cal. Pen. Code § 836(a) ("A peace officer . . . without a warrant, may arrest a
23 person" if, among other things, "[t]he officer has probable cause to believe that the
24 person to be arrested has committed a public offense in the officer's presence.");
25 Blankenhorn v. City of Orange, 485 F.3d 463, 487 (9th Cir. 2007) (existence of probable
26 cause to arrest fatal to false arrest/imprisonment claim); Salazar v. Upland Police Dept.,
27 116 Cal. App. 4th 934, 941-42 (2004) (finding that "undisputed existence of probable
28 cause defeats . . . cause[] of action for false arrest/imprisonment").  Accordingly,

because Plaintiff is collaterally estopped from denying the existence of probable cause, he cannot succeed on this remaining state law claim, and Defendants are entitled to judgment.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED, and the Clerk of the Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

Dated:  June 1, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE